IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRANDON RUSSELL JONES,  Plaintiff, | :: :: :: | PRISONER CIVIL RIGHTS  42 U.S.C. § 1983 |
| v. | :: :: | |
| THEODORE "TED" JACKSON and JERRY CONNERS,  Defendants. | :: :: :: | CIVIL ACTION NO.  1:18-CV-118-WSD-JKL |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Fulton County Jail in Atlanta, Georgia (the "Jail"). Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 for the alleged denial of his right to practice his religion at the Jail. (Doc. 1.) Plaintiff also seeks appointment of counsel. (Doc. 3.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

**I.   The Screening Standard**

A federal court must screen a prisoner's complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him

AO 72A
(Rev.8/82)

of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If the alleged facts do not state a claim for relief that is plausible on its face, the complaint must be dismissed. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

## II.   Plaintiff's Allegations[1]

Plaintiff has been confined at the Jail since March 9, 2017. Plaintiff embraced the religion of Islam shortly after that time and before the holy month of Ramadan. During that month, Muslims fast from sunrise to sunset.

Plaintiff submitted a written request to Defendant Conners, the Jail's chaplain, to participate in Ramadan. He did not receive a response, but learned that he could not participate because Jail records listed his religion as "none." Plaintiff submitted a written request to have those records changed, but Jail officials refused to do so.

Plaintiff filed a grievance. Conners replied that he would gladly change Plaintiff's religious status in the Jail's records after Ramadan ended. When Plaintiff

---

[1] The factual allegations are taken from Plaintiff's complaint, liberally construed, and presumed true for purposes of the § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

2

complained that was too late, Conners asked Plaintiff if he knew how many inmates had asked Conners to change their religious status. It is reasonable to infer from that alleged question that Conners believed too many inmates had made such a request.

Plaintiff was never placed on the Ramadan list and, thus, did not participate in the Jail's Ramadan activities. Those activities included receiving meals before sunrise and after sunset and praying with fellow Muslim inmates on Eid al-Fitr, which is the Muslim holiday celebrating the end of Ramadan. Plaintiff was forced to hold his food for hours each day during Ramadan and eat it cold, which caused him digestive problems and bloody stools. Because he was not allowed out of his dorm on Eid al-Fitr, Plaintiff could not pray with other Muslims on that day as his religion requires.

Plaintiff also complains that Conners denies him: congregated prayer on Islam's holy day of Jumu'ah, which is every Friday; food that conforms to his religious beliefs; and access to religious artifacts that are essential to his religious beliefs. Conners does not allow inmates to pray together on Jumu'ah unless an Imam from outside the Jail is present, although Islam allows a group of at least three Muslims to choose one of the group as an Imam to lead the prayer. Plaintiff has informed Conners of that fact and complained about the denial of Jumu'ah services. Conners ignores the complaints.

Plaintiff's religion prohibits him from eating anything that is "haram," which is food containing carrion flesh, blood, swine, or other prohibited ingredients. Food instead must be "halal." Plaintiff submitted a written request for a halal diet. Conners responded that he understands Muslims are prohibited from eating only pork, which the Jail does not serve. When told his understanding is wrong, Conners said he needed thirty days to investigate the issue. When Plaintiff requested an answer after the thirty-day period, he was told only that Conners rejected his request for a halal diet. Plaintiff is thus forced to eat food that his religion deems harmful to him.

As for religious artifacts, Plaintiff wrote Conners requesting that family members or an Imam outside the Jail be allowed to give Plaintiff Islamic prayer beads, a prayer rug, and a Keffiyeh (a religious head cloth). Plaintiff needs those items because his religion requires him to pray on a clean surface with his head covered. Plaintiff's requests for those items have not been answered.

Plaintiff contends that Conners has denied him the religious practices and items discussed above with malicious and sadistic intent. Plaintiff named Conners and Theodore Jackson, the Sheriff of Fulton County, as Defendants. Plaintiff seeks nominal, compensatory, and punitive damages, as well as injunctive relief.

AO 72A
(Rev.8/82)

### III. Analysis

"Inmates clearly retain protections afforded by the First Amendment [to the U.S. Constitution], including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To state a viable claim under the First Amendment's Free Exercise Clause, an inmate must allege facts plausibly showing "that the government [or a government official] has impermissibly burdened one of his sincerely held religious beliefs." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (quotation marks omitted). The reasonableness standard set out in *Turner v. Safley*, 482 U.S. 78 (1987) is used to determine whether the challenged action impermissibly burdened the inmate's religious beliefs. *O'Lone*, 482 U.S. at 349-50; *Hathcock v. Cohen*, 287 F. App'x 793, 799 (11th Cir. 2008) ("[I]nmates retain the right to free exercise of religion subject to prison regulation consistent with the *Turner* reasonableness standard.").

Under *Turner*, a jail official's actions that impinge on an inmate's constitutional right to practice his religion are permissible if they are "reasonably related to legitimate penological interests." *See Turner*, 482 U.S. at 89. The following factors are relevant in determining the reasonableness of the challenged action: (1) whether there is a valid, rational connection between the action and the legitimate

5

governmental interest that justifies it; (2) whether alternative means of exercising the constitutional right remain open to the inmate; (3) the impact accommodation of the asserted constitutional right will have on guards, other inmates, and the allocation of jail resources generally; and (4) whether there are ready alternatives to the challenged action that show that it is an exaggerated response to jail concerns. *Id.* at 89-90.

Plaintiff has stated a viable claim that Conners, the Jail's chaplain, has impermissibly burdened Plaintiff's right to practice his Muslim religion. The factual allegations in Plaintiff's complaint support a plausible finding that Conners denied Plaintiff participation in Ramadan, participation in religious prayer services, and a religious diet without a legitimate penological reason. The allegations support a plausible finding that Conners denied Plaintiff participation in Ramadan simply because too many Muslim inmates needed to participate and denied necessary religious artifacts without providing any reason, i.e., that Conners is indifferent to Plaintiff's religious needs. The allegations that Conners denies Plaintiff his religious diet and religious prayer services based on beliefs about Islam that Conners knows are incorrect further support the conclusion that Plaintiff has stated a viable claim that Conners has violated Plaintiff's constitutional right to practice his religion.

AO 72A
(Rev.8/82)

Plaintiff has not stated a viable claim against Defendant Jackson. Because there are not any allegations in the complaint against Jackson, Plaintiff presumably named him as a Defendant because he is the county sheriff and senior official over the Jail. But a supervisory official "may not be sued under § 1983 for an injury inflicted solely by [his] employees or agents," i.e., he cannot be held vicariously liable for other persons' constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The complaint does not state a viable claim against Jackson.

IV.    **Plaintiff's Motion For Appointment Of Counsel**

Plaintiff states that he cannot afford legal counsel, that his imprisonment will limit his ability to litigate this case, that the issues in the case are complex and require significant research and investigation, and that he will need counsel for trial. (Doc. 3.) He thus asks the Court to appoint him a lawyer. (*Id.*)

"Appointment" is a bit of a misnomer here because the Court cannot require a lawyer to represent a party in a civil case, even if the party is indigent or untrained in the law. *See* 28 U.S.C. § 1915(e)(1) ("The court may *request* an attorney to represent any person unable to afford counsel." (emphasis added)); *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts cannot force attorneys to represent plaintiffs in civil actions under the *in forma pauperis* statute);

7

*Smith v. Sec'y for Dep't of Corr.*, 252 F. App'x 301, 305 n.3 (11th Cir. 2007) ("[Section 1915(e)(1)] does not require mandatory appointments of counsel and does not require an attorney, once requested, to accept."). When a civil litigant needs a lawyer for free, the Court can only request a lawyer to undertake such representation. Such a request is "a privilege that is justified only by exceptional circumstances," such as the presence of "facts and legal issues [that] are so novel or complex as to require the assistance of a trained practitioner." *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

There currently are no exceptional circumstances in this case. The case was filed just one month ago, no significant proceedings have begun, and Plaintiff's claim is not novel or complex. If the case proceeds to trial or similar proceedings become warranted, the Court will consider at that time requesting a lawyer to represent Plaintiff pro bono.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's First Amendment Free Exercise claim be **ALLOWED TO PROCEED** against Defendant Jerry Conners and that Defendant Jackson be **DISMISSED**. Plaintiff's motion for appointment of counsel [3] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED & RECOMMENDED**, this 1st day of February, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)